UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARRY NEIL PINNIX                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:14CV80 DPJ-FKB

UNITED STATES OF AMERICA                                                                         DEFENDANT

ORDER

This taxpayer action is before the Court on motion of the United States to dismiss [6] Plaintiff Barry Neil Pinnix's claims for failure to exhaust his administrative remedies, or alternatively, for failure to plead a plausible claim. Pinnix has responded in opposition. The Court, having considered the parties' submissions along with the pertinent authorities, finds the motion should be granted. Pinnix's claims are dismissed without prejudice for failure to properly exhaust his administrative remedies.

I.      Factual Background

Pinnix filed this action on January 30, 2014, seeking damages for unauthorized collection actions pursuant to 26 U.S.C. § 7433 and a refund of balances wrongfully seized by the IRS pursuant to § 7405. Compl. [1] at 1. In his Complaint, Pinnix contends that he has complied with the exhaustion requirements of § 7433(d)(1) by filing a complaint with the Treasury Inspector General for Tax Administration (TIGTA) on January 22, [2014].[1] *Id.* In very general terms, Pinnix disagrees with the Internal Revenue Service's unwillingness to reach a compromise to resolve his tax liability following an audit.

---

[1] Pinnix states in the Complaint that the letter was sent January 22, 201<u>3</u>, but the letter attached to the Complaint reflects a date of January 22, 201<u>4</u>. And future filings by Pinnix reference January 22, 2014.

II.     Exhaustion of Administrative Remedies

The United States contends that Pinnix's January 22, 2014 letter to TIGTA does not comply with the applicable regulations and, therefore, he has not administratively exhausted his claim. Treasury Regulation § 301.7433-1(e) provides as follows:

(e) Procedures for an administrative claim–

(1) Manner.  An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the *Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides*.

(2) Form. The administrative claim shall include:

(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.[2]

---

[2] In addition, the regulations provide that a claimant must wait until (1) he or she receives a decision on the administrative claim or (2) six months have elapsed since the filing of an administrative claim before filing a civil action.  An exception exists for claims filed during the last six months of the two-year period of limitations.  Treas. Reg. § 301.7433-1(d) (citing

(Emphasis added). So, an administrative claim must be sent to the Area Director and contain specific facts — including the grounds for the claim, a description of the injuries, and the dollar amount of the claim. Treas. Reg. § 301.7433-1(e); *see* Memo. [7] at 6. According to the United States, Pinnix's letter did not meet either condition.

A.   Recipient

If the Court limits its review of this motion to dismiss to the allegations of the Complaint and the referenced documents, then those allegations demonstrate that Pinnix failed to comply with the IRS exhaustion requirements. As noted above, the Complaint merely states that an administrative claim was filed with TIGTA on January 22, 2014. Compl. [1] ¶ 5. TIGTA is not authorized to accept such claims. Instead, Treasury Regulation § 301.7433-1(e)(1) expressly states that the claim must be "sent in writing to the *Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides*."

In his response, Pinnix goes beyond his Complaint and argues that he sent a copy of his January 22 letter to the Area Director. Resp. [8] at 5. Even assuming the Court would consider the argument, there is no evidence that this ever occurred. First, there is no indication from the face of the initial letter that Pinnix copied anyone. Second, there is no return receipt from the Area Director for the January 22 letter. Finally, there is no indication that Pinnix sent the letter to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." Treas. Reg. § 301.7433-1(e)(1).

---

§ 301.7433-1(g), which provides that civil actions must be filed within two years after the date the cause of action accrues).

Pinnix does, however, attach a copy of a second letter, addressed to the Area Director, that his counsel mailed on April 30, 2014—after suit was filed and after the United States moved to dismiss. Resp. [8], Exh. C. This time, he did attach a certified mail receipt (though not a return receipt evidencing delivery). But even assuming Pinnix mailed the second letter to the Area Director, he did so after filing suit, which is too late. *See* Treas. Reg. § 301.7433–1(d).

The Seventh Circuit reached this same conclusion in *Gray v. United States*, 723 F.3d 795, 799 (7th Cir. 2013). And while the Fifth Circuit has never examined the issue in depth, it has stated—perhaps in dicta—that exhaustion must come first. *See Don Johnson Motors, Inc. v. United States*, 453 F. App'x 526, 528 (5th Cir. 2011) (affirming dismissal because taxpayer "did not exhaust administrative remedies prior to filing suit" (citing § 7433(d)(1); Treas. Reg. § 301.7433–1(e))); *see also Lapaglia v. Richardson*, 68 F.3d 466, 1995 WL 581559, at *1 (5th Cir. 1995) (per curiam) (holding that § 301.7433–1(e) "provides specific and straightforward instructions as to the appropriate steps to take before filing suit in district court"). While it is not clear whether the taxpayers in these Fifth Circuit cases attempted exhaustion after filing suit, this Court remains persuaded by the Seventh Circuit's well-reasoned opinion in *Gray*. *See also Rotte v. United States*, 615 F. Supp. 2d 1347, 1354 (S.D. Fla. 2009) (reaching same holding), *aff'd*, 368 F. App'x 73, 2010 WL 691177 (11th Cir.), *reh'g and reh'g en banc denied*, 402 F. App'x 514, 2010 WL 2835014 (11th Cir.), *cert. denied* 131 S. Ct. 835 (2010), *reh'g denied*, 131 S. Ct. 1559 (2011).

Finally, it should be noted that Judge Ozerden's prior dismissal of Pinnix's claim for failure to exhaust should have alerted him to the need for exhaustion before filing suit. *See Pinnix v. United States*, No. 3:13cv341–HSO–RHW, 2014 WL 764496, at *3 (S.D. Miss. Jan.

10, 2014) (noting pre-suit requirement and citing *Gray*). Nevertheless, Pinnix again failed to exhaust his administrative remedies.

   B.  Substance of the Claim

The United States alternatively argues that, even assuming Pinnix properly addressed and delivered the January 22 letter to the Area Director before filing suit, his administrative claim still falls short because it lacks any statement of actual, direct economic damages or the dollar amount of the claim. The Court agrees.

A taxpayer cannot satisfy the exhaustion requirements through communications that do not comply with the regulations. *See Lapaglia*, 1995 WL 581559, at *1 (finding neither correspondence between attorney and IRS nor a "Claim for Refund and Request for Abatement" form satisfied the administrative claim procedure of § 301.7433-1). A review of Pinnix's letter, written by his attorney, reveals that he has not complied with the substantive requirements for exhaustion. Compl. [1], Exh. A, Letter [1-2]. His letter describes his past history with the IRS, including amounts of assessments, payments, penalties, and overpayments—but it is wholly unclear what relief he is seeking, and he has not specified a "dollar amount of the claim," as required by Treasury Regulation § 301.7433-1(e). *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994) (finding taxpayer did not comply with exhaustion requirement by sending a letter to a revenue agent, not the district director, and failing to specify the grounds for relief); *Don Johnson Motors, Inc.*, 532 F. Supp. 2d at 877 (finding claim sent to revenue officer that did not include evidence substantiating the dollar amount of the claim did not satisfy the administrative claim requirements), *aff'd*, 453 F. App'x 526 (5th Cir. 2011) (per curiam). In sum, the allegations in Pinnix's pleadings do not show that he has exhausted his administrative remedies.

III.     Conclusion

Because Plaintiff has failed to exhaust his administrative remedies, the Court finds Defendant's motion to dismiss [6] should be granted.  This action is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 5th day of September, 2014.

>                    s/ *Daniel P. Jordan III*
>                    UNITED STATES DISTRICT JUDGE